# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6195 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Timothy Bell v. Lisa Madigan, et al. | | |

**DOCKET ENTRY TEXT:**

Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint is dismissed. This case is terminated and all pending motions are stricken as moot. Dismissal is without prejudice to Plaintiff pursuing his federal constitutional claims in a petition for writ of habeas corpus (assuming he can meet the requirements of 28 U.S.C. § 2254). Moreover, to the extent that Plaintiff intended to bring a malicious prosecution claim, it is dismissed without prejudice to Plaintiff pursuing such claim in state court.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Timothy Bell has been determined to be sexually violent and is civilly committed at the Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois. Plaintiff alleges that he has been civilly committed since 2007, and is presently in the process of being evaluated to determine if his status should change. Plaintiff asserts that he was and is remaining civilly committed in violation of his constitutional rights based on false statements made in evaluations performed during the civil commitment process. According to Plaintiff, the false statements constitute malicious prosecution and violate his due process rights. For several reasons, Plaintiffs' complaint fails to state a cause of action under 42 U.S.C. § 1983.

Federal courts do not interfere with pending state court proceedings except in special circumstances, and only after the party has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). The *Younger* abstention doctrine applies where a defendant in a state civil commitment proceeding seeks § 1983 relief in federal court for alleged constitutional violations relating to his commitment proceedings. *Duke v. Affiliated Psychological Servs.*, Case No. 02 C 5748, 2004 U.S. Dist. LEXIS 24991 **6-7 (N.D. Ill. September 28, 2004) (Leinenweber, J.) . The purpose is to avoid serious disruption of the state proceedings. *Id*. Accordingly, this Court declines to interfere with the ongoing civil commitment proceedings.

Additionally, Plaintiff may not challenge his civil commitment by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A finding that the civil proceedings leading to Plaintiff's civil commitment deprived him of due process would certainly call into question the validity of his order of commitment.

Thus, Plaintiff may not seek relief under § 1983, as his claims are barred by *Heck*, 512 U.S. 477, 486-87. *See Whitlock v. Johnson*, 153 F.3d 380, 389 (7th Cir. 1998) (an inmate may not seek civil damages or
**(CONTINUED)**

AWL

| STATEMENT |
|---|

injunctive relief for an unconstitutional conviction or sentence until the conviction or sentence has been reversed on direct appeal, declared invalid by a state tribunal, expunged by executive order, or called into question by a federal court on habeas review).

To the extent Plaintiff remains civilly detained and wants to pursue a constitutional claim, he must therefore petition for habeas corpus relief under 28 U.S.C. § 2254, which applies equally both to civil commitments and criminal convictions. In this regard, the Court notes that Plaintiff is "in custody" for purposes of the habeas corpus statute as he is confined civilly at Rushville. *See, e.g.*, *Duncan v. Walker*, 533 U.S. 167, 176 (2001). The Court is not permitted simply to convert this action § 1983 to a habeas corpus petition. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

Further, to the extent that Plaintiff seeks relief based on a state malicious prosecution theory, malicious prosecution is not actionable in federal court, absent some federal claim. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). Consequently, to the extent that Plaintiff intended to bring a malicious prosecution claim, it is dismissed without prejudice to Plaintiff pursuing such claim in state court.

Accordingly, for the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to Plaintiff seeking habeas corpus relief under 28 U.S.C. § 2254, or with respect to a potential state malicious prosecution claim, to pursuing the claim in state court. This case is terminated. Any pending motions are denied as moot.